**2**
BENNY D. BARCO #253924
**BARCO LAW, A Professional Corporation**
642 Pollasky Ave., Ste 200
Clovis, CA 93612
Telephone: (559) 575-0577
bbarco@barcolaw.com

Attorney for: Debtors SUSAN MARIE QUINVILLE and LOARINA VICTORIA DOMENA-QUINVILLE

UNITED STATES BANKRUPTCY COURT<br>FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE QUINVILLE<br><br>and<br><br>LOARINA DOMENA-QUINVILLE<br><br><br><br>Debtors. | CASE NO.: 23-10344-A-13<br><br>Chapter 13<br><br>DCN:    BDB-1<br><br>DATE:    March 16, 2023<br>TIME:    9:30 a.m.<br>PLACE:    U.S. Bankruptcy Court<br>    2500 Tulare Street,<br>    5th Floor, Court Room 11<br>    Fresno, CA 93721<br>JUDGE:    Jennifer E. Niemann |

<b>MOTION TO EXTEND THE AUTOMATIC STAY<br>PURSUANT TO 11 U.S.C. §362(c)(3)</b>

COMES NOW, the debtors, SUSAN MARIE QUINVILLE and LOARINA DOMENA-QUINVILLE, to request that the Court extend the automatic stay pursuant to §362(c)(3). This is a core proceeding. In support of the request, Debtors allege as follows:

1.     This case was commenced February 28, 2023 by the filing of a Petition under Chapter 13 of Title 11 of the United States Code. Said proceeding is still pending before the Court.

2.     Debtors had a prior bankruptcy pending within the last twelve months, case no. 22-11935. Debtors' case was dismissed on February 23, 2023. Debtors voluntarily dismissed the prior case because they became aware that their 2018 tax return was not filed, and the Trustee had filed a motion to dismiss or convert their case to Chapter 7.

3. In 2018 Debtors had a sole proprietorship business that closed and they relied on an accounting firm to complete their taxes. Debtors had an existing relationship with this accounting firm for over 8 years and regularly used this accounting firm to complete their taxes. Debtors declare that they did not become aware that the 2018 tax return was not filed until the State of California Franchise Tax Board filed its proof of claim. After it came to Debtors' attention, Debtors immediately attempted to contact the accounting firm that they relied on to complete their taxes. After several attempts and with no response, Debtors took it upon themselves to rectify the situation and completed the 2018 tax return on their own. When Debtors filed their first case, they believed all of their prior four years of tax returns had been filed and in no way were they attempting to delay or hinder their creditors.

4. Debtors believe they are able to propose a plan in this case that is feasible, and they believe they are filing this Chapter 13 in good faith. Debtors are confident that they will be able to have a plan confirmed and make their plan payments.

5. Since filing their first case, Debtors' household income has increased due to improved employment (hourly rate increase of $4/hr.) and they are confident that their plan will pay secured creditors a higher interest rate and their non-priority unsecured claims a higher percentage dividend.

6. Without the extension of the automatic stay, Debtors are afraid that the deed of trust holder may foreclose on their house, as a trustee sale is scheduled for March 28, 2023.

WHEREFORE, Debtors pray the Court enter an Order Extending the Automatic Stay as to all creditors.

Dated: March 2, 2023                             **BARCO LAW, A Professional Corporation**

  /s/ Benny D. Barco, Esq.
BENNY D. BARCO, ESQ.
Attorney for Debtors