2
BENNY D. BARCO #253924
**BARCO LAW, A Professional Corporation**
642 Pollasky Ave., Ste 200
Clovis, CA 93612
Telephone: (559) 575-0577
bbarco@barcolaw.com

Attorney for: Debtors SUSAN MARIE QUINVILLE and LOARINA VICTORIA DOMENA-QUINVILLE

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN MARIE QUINVILLE<br><br>and<br><br>LOARINA DOMENA-QUINVILLE<br><br><br>Debtors. | CASE NO.: 23-10344-A-13<br><br>Chapter 13<br><br>DCN:   BDB-1<br><br>DATE:   March 16, 2023<br>TIME:   9:30 a.m.<br>PLACE:  U.S. Bankruptcy Court<br>        2500 Tulare Street,<br>        5th Floor, Court Room 11<br>        Fresno, CA  93721<br>JUDGE:  Jennifer E. Niemann |

**DECLARATION OF SUSAN MARIE QUINVILLE AND LOARINA DOMENA-QUINVILLE IN SUPPORT OF MOTION TO EXTEND THE AUTOMATIC STAY**

We, SUSAN MARIE QUINVILLE and LOARINA DOMENA-QUINVILLE , declare:

1. We are over the age of eighteen (18) and have personal knowledge of the facts stated herein unless otherwise stated upon information and belief.  As to the matters stated upon information and belief, we believe them to be true.  If called to testify to the matters set forth herein, we can and will do so.

2. We filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code on February 28, 2023.  Michael H. Meyer serves as the duly appointed Chapter 13 Trustee.

3. We had a prior bankruptcy pending within the last twelve months, case no. 22-11935. Our case was dismissed on February 23, 2023. We voluntarily dismissed the prior case

-1-

because we became aware that our 2018 tax return was not filed, and the Trustee had filed a motion to dismiss or convert our case to Chapter 7.

4. In 2018 we had a sole proprietorship business that closed and relied on an accounting firm to complete our taxes. We had an existing relationship with this accounting firm for over 8 years and regularly used this accounting firm to complete our taxes. We did not become aware that the 2018 tax return was not filed until the State of California Franchise Tax Board filed its proof of claim. After it came to our attention, we immediately attempted to contact the accounting firm that we relied on to complete our taxes. After several attempts and with no response, we took it upon ourselves to rectify the situation and completed the 2018 tax return on our own. When we filed our first case, we believed all of our prior four years of tax returns had been filed and in no way were we attempting to delay or hinder our creditors.

5. We believe we are able to propose a plan in this case that is feasible, and we believe we are filing this Chapter 13 in good faith. We are confident that we will be able to have a plan confirmed and make our plan payments.

6. Since filing our first case, our household income has increased due to improved employment (hourly rate increase of $4/hr.) and we are confident that our plan will pay secured creditors a higher interest rate and our non-priority unsecured claims a higher percentage dividend.

7. Without the extension of the automatic stay, we are afraid that the deed of trust holder may foreclose on our house, as a trustee sale is scheduled for March 28, 2023. Accordingly, we are asking the court to extend the automatic stay in this case.

We declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 2, 2023 at Clovis, California.

Dated: March 2, 2023

Respectfully submitted,

_____
SUSAN MARIE QUINVILLE

Dated: March 2, 2023

_____
LOARINA DOMENA-QUINVILLE